IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2003

## STATE OF TENNESSEE v. PERCY WADE COCKRILL

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-B-944      Steve Dozier, Judge**

_____

**No. M2002-00761-CCA-R3-CD - Filed April 4, 2003**

_____

The Defendant, Percy Wade Cockrill, pled guilty to six counts of robbery. After a hearing, the trial court sentenced the Defendant as a Range I offender to four years each on three of the robberies, and to five years each on the remaining three robberies. The trial court further ordered the five-year sentences to run consecutively to each other, for an effective sentence of fifteen years to be served in the Department of Correction. The Defendant now challenges the length of each term as well as the imposition of consecutive sentences. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. NORMA MCGEE OGLE, J., concurred in results only.

Paul Julius Walwyn, Madison, Tennessee, for the appellee, Percy Wade Cockrill.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Philip H. Wehby, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant committed each of these six robberies in March 2001 by engaging in a particularly dangerous form of purse-snatching. He would cruise a large retail parking lot in his car and pull up behind a woman carrying a purse. He would then reach out from the driver's seat, grab the purse, and accelerate rapidly, taking the purse with him. The Defendant actually struck one of his victims with his car. One woman was dragged until her purse strap broke, and she came close to striking her head on another car. Another woman was also forced to the ground when her purse strap did not break.

The Defendant explained that his actions were a result of his addiction to crack cocaine. He repeatedly reiterated his desire for drug treatment. The presentence report indicates that the

Defendant previously attended a substance abuse program in 1992. Although having already pled guilty, the Defendant claimed at the sentencing hearing that he did not commit some of the robberies and that his plea to those offenses was a result of police coercion. He admitted to a prior felony aggravated assault conviction in another state, but he claimed that he had struck the victim in that case because he was defending the honor of a minor girl. He further admitted having been placed on four years' probation for this crime, which would have expired in 2004, but he claimed that his probation officer "dismissed" his probation prior to the instant offenses. He had no other proof in support of this claim. The Defendant's wife also testified that the Defendant had been placed on four years of probation for the prior conviction.

The trial court applied the following enhancement factors to each of the Defendant's sentences:

> The Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

> The robberies were committed while the Defendant was on probation from a prior felony conviction; and

> The crimes were committed under circumstances under which the potential for bodily injury to a victim was great.

See Tenn. Code Ann. § 40-35-114(2), (14), (17) (Supp. 2002). With respect to the victim who was drug on the ground during the robbery, the trial court also enhanced the Defendant's sentence on the basis that the Defendant had no hesitation about committing a crime when the risk to human life was high. See id. § 40-35-114(11) (Supp. 2002). As to another victim, who was thirty-eight weeks pregnant at the time of the robbery, the trial court also applied as an enhancement factor that the victim was particularly vulnerable because of physical disability. See id. § 40-35-114(5) (Supp. 2002). The trial court also applied the "particularly vulnerable" factor to another victim who was sixty-nine or seventy years old at the time of the offense. The trial court specifically found no mitigating factors present.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement

made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The Range I sentence for robbery, a Class C felony, is three to six years. See Tenn. Code Ann. §§ 39-13-401(b), 40-35-112(a)(3). The presumptive sentence for robbery is the minimum in the range, increased as appropriate for applicable enhancement factors, and decreased as appropriate for applicable mitigating factors. See id. § 40-35-210(c),(e). Applying the above-referenced factors, the trial court imposed a four-year sentence for the three robberies not involving an additional enhancement factor, and a five-year sentence for each of the three robberies involving an additional enhancement factor.

The Defendant now contends that the trial court erred in applying the "particularly vulnerable" enhancement factor to the robberies involving the pregnant victim and the elderly victim. We agree: the State did not introduce sufficient proof in this case to establish that either the pregnant victim or the elderly victim was "particularly vulnerable because of age or physical or mental disability." In State v. Adams, our supreme court held that

> the vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age. . . . The factor can be used . . . if the circumstances show that the victim, because of [her] age or physical or mental condition, was in fact 'particularly vulnerable,' i.e., incapable of resisting, summoning help, or testifying against the perpetrator.

864 S.W.2d 31, 35 (Tenn. 1993). It is the State's burden to prove the victim's limitations rendering her particularly vulnerable. Id. Where the victim's age is the asserted basis for particular vulnerability, our supreme court has held that "unless the State produces evidence of physical or mental limitations at the time of the offense, along with proof of the victim's age, it cannot be presumed that the victim was particularly vulnerable based solely on her age." State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997).

With respect to the pregnant victim, she testified at the sentencing hearing that, on the night of the robbery, she was thirty-eight weeks pregnant. As she was on her way to her car in the parking lot of a Kroger store, she noticed a car slowing down behind her. When she turned to see who it was, she "felt [her] shoulder being pulled and [her] purse was gone." She explained that the strap to her

purse broke during the offense. She testified that she was able to maintain her balance and began screaming as the Defendant's car raced away.

The fact of the victim's pregnancy does not, in and of itself, establish that the victim was "particularly vulnerable" to the robbery. She was no more incapable of resisting than the other victims, was able to summon help, and testified against the Defendant. In short, the State failed to adduce any proof that the victim's pregnancy had any effect on the victim in connection with the crime, and the trial court therefore erred in applying this enhancement factor to the Defendant's sentence for this particular robbery.

With respect to the elderly victim, the proof established that she was sixty-nine or seventy years old at the time she was robbed. She testified that, when the Defendant grabbed her purse, the strap did not break and she was knocked down. There was no proof that her fall was in any way related to her age, however. Again, we find that the State failed to establish that this victim was "particularly vulnerable" as required by the statute. Accordingly, the trial court erred in applying this enhancement factor to the Defendant's sentence for this robbery.

The Defendant also contends that the trial court erred in finding that the Defendant was on probation at the time he committed these offenses, and thus enhancing his sentences on this basis. We disagree. In support of this factor, the State introduced a "print-out" from the F.B.I. The print-out indicates the Defendant's conviction for felony aggravated assault in New Jersey and further reflects that he was placed on four years' probation in 2000 for this crime. The Defendant admitted to this conviction and both the Defendant and the Defendant's wife testified that the Defendant was placed on four years' probation for this crime. The only proof to contradict this evidence was the Defendant's uncorroborated assertion that his New Jersey probation officer gave him an "early dismissal" within a couple of months prior to his committing the instant offenses. The trial court made a specific finding that the Defendant's testimony at the hearing indicated a "lack of truthfulness," and the trial court's reliance on this enhancement factor indicates that the trial court did not believe the Defendant's testimony on this particular point.

The trial court did not err in applying this factor. We acknowledge, of course, that the F.B.I. report is hearsay evidence. See Tenn. R. Evid. 801. However, the Criminal Sentencing Reform Act of 1989 specifically provides that, at a sentencing hearing, "[t]he rules of evidence shall apply, except that reliable hearsay . . . may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted." Tenn. Code Ann. § 40-35-209(b). While the reliability of an F.B.I. print-out might be subject to challenge, see State v. Buck, 670 S.W.2d 600, 607 (Tenn. 1984), both the Defendant and his wife verified the accuracy of the report when they each testified that the Defendant had, indeed, been placed on four years of probation for the New Jersey felony. The Defendant certainly had an opportunity to provide corroborating evidence that he was no longer on probation at the time he robbed the victims. He did not, however, do so. Accordingly, the trial court did not err in determining that the Defendant was on probation at the time he committed the instant offenses.

The Defendant concedes the applicability of the remaining enhancement factors.

Even with the trial court's error in its application of the "particularly vulnerable" factor, we conclude that the Defendant is not entitled to a reduction in the terms of any of his sentences. The remaining applicable enhancement factors are more than sufficient to support the imposition of the mid-range sentences set by the trial court. This issue is, accordingly, without merit.

The Defendant also argues that the trial court erred in ordering three of his sentences to be served consecutively. The trial court imposed partial consecutive sentences on the basis that the Defendant "is an offender whose record of criminal activity is extensive," and on the basis that he was being sentenced for offenses committed while on probation. See Tenn. Code Ann. § 40-35-115(b)(2), (6). In addition to the aggravated assault conviction, the Defendant has been convicted of numerous misdemeanors. He also admitted to years of marijuana use and to the frequent use of crack cocaine during the months preceding his arrest on the instant offenses. He now stands convicted of six additional felonies. This record supports the trial court's finding that the Defendant is subject to consecutive sentences on the basis of his extensive record of criminal activity.

As set forth above, the record also supports the trial court's finding that the Defendant committed the instant offenses while on probation. This is a separate and sufficient ground on which to impose consecutive sentences.

In addition to finding statutory grounds for the imposition of consecutive sentences, the trial court must also find that the length of the effective sentence imposed is "justly deserved in relation to the seriousness of the offense" and is "no greater than that deserved for the offense committed." State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999) (citations omitted). The trial court made these findings, and the findings are supported by the record. The Defendant committed these robberies over a three-week period in order to support his illegal drug habit. His previous effort at drug rehabilitation was unsuccessful. He committed these offenses while on probation from another felony. The robberies caused bodily injuries to two of the victims and easily could have killed any of them. The Defendant has demonstrated that an extended term of incarceration is an appropriate sentence. This issue is, accordingly, without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE